IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

IN RE:  LOWRY FARMS, INC.  CASE NO. 1:24-bk-70535
CHAPTER 7

## APPLICATION BY TRUSTEE TO EMPLOY SPECIAL COUNSEL

The application of M. Randy Rice, duly appointed Trustee in Bankruptcy of the Estate of the above-named Debtor, respectfully shows that in the administration of the Estate and in the performance of his duties as Trustee, your petitioner finds that it is necessary to employ special counsel to represent the Trustee.

### I. Jurisdiction

1. This Court has subject matter jurisdiction over this matter pursuant to 11 U.S.C. § 105, 28 U.S.C. §§ 1334 and 157. This matter is a "core" proceeding pursuant to 28 U.S.C. § 157 (b)(2)(A) and (O).

2. The requested relief is authorized pursuant to 11 U.S.C. §§ 105(a), 327, 328, 330 and Bankruptcy Rules 2014 and 2016.

### II. Background

3. On April 1, 2024, the Debtor initiated the above-captioned proceeding by filing a voluntary petition under Chapter 7 of Title 11 of the United States Code. M. Randy Rice (hereafter referred to as "Rice") was appointed trustee that same day.

4. Rice asserts that it is in the best interests of the estate to pursue Adversary Proceedings against several individuals and entities who received transfers of assets from the Debtor that trustee believes are legally the property of the estate. Rice requires the assistance of special counsel to prosecute those Adversary Proceedings.

5. Rice asserts that it is necessary and in the best interest of the Estate to employ special counsel to conduct the litigation of the Adversary Proceedings for all lawful purposes, including as may be necessary or appropriate to assert rights held by the Estate, recover and protect assets of the Estate, or otherwise further the goal of completing the liquidation of the Estate.

6. Rice specifically seeks to engage James Knoepp of Dawson Morton, LLC and Scott McCoy of the Southern Poverty Law Center as special counsel. Both Mr. Knoepp and Mr. McCoy have been authorized to practice in this Court *pro hac vice* for the purposes of this bankruptcy matter.

7. Mr. Knoepp and Mr. McCoy have agreed to provide their services to the Estate without seeking any compensation from the Estate for representation in the Adversary Proceedings.

8. Mr. Knoepp and Mr. McCoy represent a large group of Creditors in this bankruptcy proceeding—former employees of the Debtor—who have filed the largest proof of claim. Because those Creditors and the petitioner share the same interests in recovering assets and funds that are the rightful property of the Estate, petitioner does not believe the attorneys sought to be employed as special counsel hold or represent any interest adverse to that of your petitioner. Given their familiarity with these proceedings and the Debtor's business activities, as well as the activities of entities related to the Debtor, it would be in the best interest of the Estate to employ them as special counsel. Attached are Affidavits for Mr. Knoepp and Mr. McCoy in support of this application.

### III. Authority for the Retention of the Proposed Counsel

9. The retention of professionals by a trustee in a bankruptcy case is governed by §§ 327 and 328 of the Bankruptcy Code.

10. Section 327 of the Bankruptcy Code, in the parts relevant to the issue before the Court, provides:

> (a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys ... or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.
> ...
> (c) In a case under chapter 7 . . . of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest.
> ...

11 U.S.C. § 327(a), (c), (e) (emphasis added). Section 327 governs *who* the trustee may hire to represent him in a case.

11. Section 328 of the Bankruptcy Code provides, in the parts relevant to the issue before the Court, as follows:

> (a) The trustee ... with the court's approval, may employ or authorize the employment of a professional person under section 327 ... on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.
> ...
> (c) Except as provided in section 327(c), [or section] 327(e) ... of this title, the court may deny allowance of compensation for services and reimbursement of expenses of a professional person employed under section 327 ... if, at any time during such professional person's employment under section 327 ... such professional person is not a disinterested person, or represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed.

11 U.S.C. § 328(a), (c). Section 328 governs the *terms* for which the trustee may hire professional persons to represent him in the case.

WHEREFORE, M. Randy Rice, Trustee prays that he be authorized to employ James Knoepp and Scott McCoy as special counsel to represent the estate for the purpose of filing and litigating Adversary Proceedings.

Date    June 7, 2025

        Respectfully Submitted:

        /s/ M. Randy Rice, Trustee
        124 W. Capitol, Ste. 1850
        Little Rock, AR 72201
        (501) 374-1019
        randyrice2@comcast.net

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

IN RE:     LOWRY FARMS, INC.          CASE NO. 1:24-bk-70535
                                       CHAPTER 7

## AFFIDAVIT OF JAMES M. KNOEPP

Pursuant to 28 U.S.C. § 1746, I, James M. Knoepp, state under oath as follows:

1. I am currently an attorney with Dawson Morton, LLC ("The Firm"). Prior to joining Dawson Morton, LLC I was a Senior Supervising Attorney at the Southern Poverty Law Center, a non-profit 501(c)(3) organization that, among other things, provides pro bono legal representation, including the representation of a group of creditors in this bankruptcy proceeding. My Firm is assisting the Southern Poverty Law Center in its on-going representation of the creditor group in this bankruptcy.

2. I am a member in good standing of the State Bars of Georgia and South Carolina. I am also a member in good standing of the bars of the Northern, Southern, and Middle Districts of Georgia, the District of Colorado, and the United States Court of Appeals for the Eighth, Ninth, and Eleventh Circuits. An Order was entered in this pending bankruptcy proceeding authorizing me to Appear Pro Hac Vice on May 16, 2024 (See Docket #15).

1

3. M. Randy Rice is the Trustee (the "Trustee") in the above-referenced chapter 7 case (the "Case"). The Trustee seeks to employ my Firm and the Southern Poverty Law Center as his special counsel to pursue Adversary Proceedings by the application to which this declaration is attached (the "Application"). My Firm and the Southern Poverty Law Center are experienced in matters of bankruptcy, immigration law, and in the representation of immigrant and migrant workers and are well-qualified to represent the trustee in such cases, proceedings, and matters.

4. I have read the foregoing Application and to the best of my knowledge all the facts stated therein are true and correct.

5. To the best of my knowledge after a review of my Firm's employment history and connections, neither I, the Firm, nor any of its partners, associates or employees hold or represent any interest adverse to the interests of the estate (the "Estate") in connection with the Case except that I, in my previous employment with the Southern Poverty Law Center, represented class members in the case *Bernabe Antonio-Benito, et al. v. Lowry Farms, Inc., et al.*, Case No. 1:-20-CV-1039-SOH, which was pending in the United States District Court for the Western District of Arkansas, El Dorado Division prior to the filing of this bankruptcy case. That District Court case has been administratively closed, without prejudice, pending the outcome of this bankruptcy matter and the related

2

bankruptcy case of Michael Clayton Lowry, the owner of Debtor. Additionally, I represent a large group of Creditors (pro bono) in this bankruptcy proceeding—former employees of the Debtor—who have filed the largest proof of claim.

6. To the best of my knowledge, my Firm is a "disinterested person" as that term is defined by the Bankruptcy Code.

7. Neither I, the Firm, nor its members have any pre-petition claim against the Debtor or the Estate.

8. The Firm has not in the past represented nor does the Firm in the future plan to represent or have any connection with the Debtor or any related entity or insider other than the parties outlined in paragraph number five (5) above and to the best of my knowledge, the Firm does not represent any other entity having an adverse interest in connection with the Case. The Firm has no connection with the Office of the United States Trustee or its employees.

9. The Firm has received no retainer or payment in connection with this representation of the Trustee.

10. The Firm desires to be employed to assist and to represent the Trustee without seeking any compensation from the Estate.

11. The Firm shall periodically search its connections with the Debtor, its creditors, and other parties in interest in the Case, and pursuant to Bankruptcy Rule 2014, the Firm will provide the Court with any supplemental information

regarding the Firm's connections with the Debtor, its creditors, or any other party-in-interest in the Case as that information becomes available.

12. The Firm's legal professionals that shall work on this matter on behalf of the Trustee are familiar with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and the requirements of the United States Trustee and shall comply with them.

13. I declare under penalty of perjury that the foregoing statements are true and correct.

Date: 6/5/25

James M. Knoepp

STATE OF SOUTH CAROLINA )
)SS
COUNTY OF RICHLAND )

Subscribed and sworn to before me, a Notary Public, on today's date.

Lisa Davis
NOTARY PUBLIC

My Commission Expires: March 29, 2031

4

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

IN RE:     LOWRY FARMS, INC.     CASE NO. 1:24-bk-70535
CHAPTER 7

### AFFIDAVIT OF SCOTT D. MCCCOY

Pursuant to 28 U.S.C. § 1746, I, Scott D. McCoy, state under oath as follows:

1. I am currently a Deputy Legal Director at the Southern Poverty Law Center ("SPLC"), a non-profit 501(c)(3) organization that, among other things, provides pro bono legal representation, including the representation of a group of creditors in this bankruptcy proceeding. SPLC is co-counselling with James M. Knoepp, an attorney with Dawson Morton, LLC, in this bankruptcy proceeding.

2. I am a member in good standing of the State Bars of Florida, New York, and Utah. I am also a member in good standing of the bars of the Middle and Southern Districts of Florida, the Southern and Eastern Districts of New York and the District of Utah, and the United States Courts of Appeal for the Tenth and Eleventh Circuits. An Order was entered in this pending bankruptcy proceeding authorizing me to Appear Pro Hac Vice on August 14, 2024 (See Docket #37).

3. M. Randy Rice is the Trustee (the "Trustee") in the above-referenced chapter 7 case (the "Case"). The Trustee seeks to employ SPLC and Dawson

1

Morton, LLC as his special counsel to pursue Adversary Proceedings by the application to which this declaration is attached (the "Application"). SPLC and Dawson Morton, LLC are experienced in matters of bankruptcy, immigration law, and in the representation of immigrant and migrant workers and are well-qualified to represent the trustee in such cases, proceedings, and matters.

4. I have read the foregoing Application and to the best of my knowledge all the facts stated therein are true and correct.

5. To the best of my knowledge after a review of SPLC's employment history and connections, neither I, or SPLC, nor any of its employees hold or represent any interest adverse to the interests of the estate (the "Estate") in connection with the Case. SPLC does represent class members in the case *Bernabe Antonio-Benito, et al. v. Lowry Farms, Inc., et al.*, Case No. 1:20-CV-1039-SOH, which was pending in the United States District Court for the Western District of Arkansas, El Dorado Division prior to the filing of this bankruptcy case. That District Court case has been administratively closed, without prejudice, pending the outcome of this bankruptcy matter and the related bankruptcy case of Michael Clayton Lowry, the owner of Debtor. Additionally, SPLC represents a large group of Creditors (pro bono) in this bankruptcy proceeding—former employees of the Debtor—who have filed the largest proof of claim.

6. To the best of my knowledge, SPLC is a "disinterested person" as

that term is defined by the Bankruptcy Code.

7. Neither I, SPLC, nor its employees have any pre-petition claim against the Debtor or the Estate.

8. SPLC has not in the past represented nor does it in the future plan to represent or have any connection with the Debtor or any related entity or insider other than the parties outlined in paragraph number five (5) above and to the best of my knowledge, SPLC does not represent any other entity having an adverse interest in connection with the Case. SPLC has no connection with the Office of the United States Trustee or its employees.

9. SPLC has received no retainer or payment in connection with this representation of the Trustee.

10. SPLC desires to be employed to assist and to represent the Trustee without seeking any compensation from the Estate.

11. SPLC shall periodically search its connections with the Debtor, its creditors, and other parties in interest in the Case, and pursuant to Bankruptcy Rule 2014, SPLC will provide the Court with any supplemental information regarding its connections with the Debtor, its creditors, or any other party-in-interest in the Case as that information becomes available.

12. SPLC's legal professionals that shall work on this matter on behalf of the Trustee are familiar with the Bankruptcy Code and the Federal

Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and the requirements of the United States Trustee and shall comply with them.

13. I declare under penalty of perjury that the foregoing statements are true and correct.

Date: 6/5/2025

_Scott D. McCoy_
Scott D. McCoy

STATE OF Florida )
 )SS
COUNTY OF Broward )

Subscribed and sworn to before me, a Notary Public, on today's date.

_____
NOTARY PUBLIC

My Commission Expires: May 22, 2028

RIGUELINE JOACHIM
Notary Public - State of Florida
Commission # HH 529604
My Comm. Expires May 22, 2028

4