**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF ARKANSAS – EL DORADO DIVISION**

IN RE: LOWRY FARMS, INC.                    Case No: 1:24-bk-70535 T/R
DEBTOR                                                      Chapter 7

**BRIEF IN SUPPORT OF**
**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

COMES NOW Justin Zachary, as Special Administrator of the Estate of Cesar Figueroa-Gutierrez, Deceased, and Justin Zachary, as Special Administrator of the Estate of Juan Manuel-Medina (collectively "**Movant**" or "**Creditors**"), who appears by and through his attorney Lyndsey D. Dilks of DILKS LAW FIRM, and for his Brief in Support of Motion for Relief from the Automatic Stay ("**Motion for Relief**") state as follows:

## I.      INTRODUCTION

On or about April 17, 2020, Cesar Figueroa-Gutierrez suffered personal injury and eventually died as the result of a motor vehicle collision alleged to have been caused by the negligence of the Debtor, Lowery Farms, Inc. ("**Lowery Farms**"), among others. The incident occurred in Bradley County, Arkansas. Movant brought the state court civil case titled *Justin Zachary, as Special Administrator of the Estate of Cesar Figueroa-Gutierrez, Deceased; Justin Zachary, as Special Administrator of the Estate of Juan Manuel-Medina v. Lowry Farms, Inc.*, Bradley County, Arkansas, Circuit Court Case No. 06CV-22-61 ("**the State Court Case**"), which has been consolidated with the case of *Kenneth Lewis, et al v. Fidel Martinez-Valois, et al*, Bradley County, Arkansas, Circuit Court Case No. 06CV-21-29, pursuant to an *Order of Consolidation* entered in the State Court Case on November 9, 2023.

Lowery Farms filed for bankruptcy on April 1, 2024. and an *Order Granting Motion to Stay Case* was entered in the State Court Case on March 14, 2025. A true and correct copy of the *Order Granting Motion to Stay Case* is attached hereto, incorporated herein and labeled "**Exhibit**

1

**A**". The Creditors seek relief from the automatic stay to allow the State Court to determine the amount that the Debtor owes within the State Court Case. For the reasons set forth herein, cause exists for this Court to grant the Creditors relief from the automatic stay.

This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334 and 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1409 and 1409. Relief is sought pursuant to 11 U.S.C. § 362(d) of the United States Bankruptcy Code. This Court has the power to enter and authority to enter a final judgment on this matter.

## II. FACTS

Debtor has filed this bankruptcy case, resulting in the imposition of the automatic stay of all attempts to collect imposed by 11 U.S.C. §362(a) and preventing the Creditors from proceeding with the State Court Case to determine liability and an amount of damages owed.

On June 23, 2022, the State Court Case commenced with the filing of a *Complaint* filed on behalf of the Creditors, by and through their attorneys including Denise Reid Hoggard of RAINWATER, HOLT & SEXTON, P.A. ("**the Rainwater Firm**"). A true and correct copy of the State Court Case Docket is attached hereto, incorporated herein as if set forth word for word and labeled "**Exhibit B**," which is the docket prior to consolidation, and "**Exhibit C**," which is the docket after the consolidation. An *Amended Complaint* was filed on April 14, 2023. A true and correct copy of the *Amended Complaint* filed in the State Court Case is attached hereto, incorporated herein as if set forth word for word and labeled "**Exhibit D**". Lowery Farms has filed an Answer in the State Court Case and the case was actually set for a jury trial to be held in 2025. Debtor has participated in the State Court Case and was represented by counsel in the State Court Case.

Movants request relief from the automatic stay in order to pursue the State Cour Case in part to develop the record, determine liability, determine the amount of damages owed and to pursue payment from Debtor's insurance company.

## III.    ANALYSIS

The amounts owed by Debtor as a result of liability in the State Court Case have not been determined, and the best venue for the determination of those amounts is the State Court in which the State Court Case is currently pending.

Relief from the automatic stay shall be granted "for cause" under 11 U.S.C. § 362(d)(1). However, the bankruptcy code does not define "cause". Instead, case law points the Court to a number of factors and circumstances that Court must consider in determining whether cause exists. The stay may be lifted "for cause" to allow litigation involving the debtor to proceed in another forum under certain circumstances. *In re Blan (Blan v. Nachogdoches County Hospital)*, 237 B.R. 737 (8th Cir. BAP 1999). The Bankruptcy Court has wide discretion in determining whether or not to lift the automatic stay. Id. at 739. "In making the determination of whether to grant relief from the stay, the court must balance the potential prejudice to the Debtor, the bankruptcy estate and to the other creditors against the hardship to the moving party if it is not allowed to proceed in state court." Id. at 739.

Bankruptcy courts routinely use the following factors to balance the hardships between the moving and opposing parties:

>  (1) whether relief will result in partial or complete resolution of issues;
>  (2) lack of any connection with or interference with the bankruptcy case;
>  (3) whether foreign proceeding involves debtor as fiduciary;
>  (4) whether specialized tribunal has been established to hear particular cause of action and whether that tribunal has the expertise to hear such cases;

3

> (5) whether debtor's insurance carrier has assumed full financial responsibility for defending the litigation;
>
> (6) whether action essentially involves third parties, and debtor functions only as bailee or conduit for goods or proceeds in question;
>
> (7) whether litigation in another forum would prejudice interests of other creditors, creditors committee, and other interested parties;
>
> (8) whether judgment claim arising from foreign action is subject to equitable subordination;
>
> (9) whether movant's success in foreign proceeding would result in judicial lien avoidable by debtor;
>
> (10) interests of judicial economy and expeditious and economical determination of litigation for the parties;
>
> (11) whether foreign proceedings have progressed to the point where the parties are prepared for trial; and
>
> (12) impact of the stay on the parties and the "balance of hurt."

*See In re Living Hope Se., LLC*, 505 B.R. 237, 242–43 (Bankr. E.D. Ark. 2014) and *In re City of San Bernardino*, 558 B.R. 321 C.D.Cal.2016,.   Appropriate circumstances in which the Court may find cause to lift the stay include: "(1) judicial economy; (2) trial readiness; (3) the resolution of preliminary bankruptcy issues; (4) the creditor's chance of success on the merits; and (5) the cost of defense or other potential burden to the bankruptcy estate and the impact of the litigation on other creditors." *In re Loudon*, 284 B.R. 106, 108 (B.A.P. 8th Cir. 2002) citing *Blan*, 237 B.R. at 739.  Not all of the factors or circumstances must be present to grant the  relief requested, and equal weight need not be given to each factor. *In re Anton*, 145 B.R. at 770. Furthermore, it is not necessary that all factors be found in favor of the movant before the stay may be lifted. *Smith v. Tricare*, 181 B.R. at 577.

The facts and circumstances all weigh in favor of granting the Creditors the relief requested. Specifically, the following facts support the Creditors being granted relief from the automatic stay:

(1)     Granting relief from stay will allow the issues in the State Court to be fully resolved.  The State Court can determine liability issues and the amount of damages owed

4

by the Debtor. Further, the bankruptcy court is not the best venue to pursue this matter to determine liability and damages applying state law.

(2)     The Court should carefully determine whether the relief requested has any connection with the bankruptcy case or would interfere with the bankruptcy case.  The State Court Case involves determinations of liability as to tort damages under state law. The State Court Case is best resolved in the state court venue and does not interfere with the bankruptcy case. This will allow Movant to develop issues relevant to the bankruptcy case, including the amount of the proof of claim.

(3)     The Civil Case does not involve the Debtor as a fiduciary.

(4)     The Bradley County, Arkansas Circuit Court is the best tribunal to oversee the determinations of liability and damages in the State Court Case. The State Court Case judge is in the best position to rule on any issues that may arise in determining matters of liability and damages involved in the civil matter.  It would be an undue burden to move the State Court Case to bankruptcy court. There are other defendants in the State Court Case who may not be subject to the jurisdiction of the bankruptcy Court. Movants should not be required to have two separate trials. This could potentially result in conflicting outcomes.

(5)     Debtor has insurance that Movants believe should cover any damages determined to be owed by the Debtor. Movants are seeking relief only to determine liability and damages so that Movants may pursue the insurance carrier for payment.

(6)     The issue in the Civil Case is the determination of liability and damages in a state law tort case. Debtor's interest in the case is that the case will determine the amount

5

of damages owed by Debtor. While this does involve Debtor directly and not essentially third parties, the amount of Debtor's liability remains undetermined at this time.

(7)     Litigation in another forum would not prejudice the interest of other creditors. Allowing the State Court Case to proceed and allowing Movants to pursue payment from the insurance company will not prejudice other creditors. Movants would most certainly be harmed if they are not allowed to obtain a finding of liability and determine damages so that they can pursue Debtor's insurance coverage for payment. Allowing payment from the insurance company would be a benefit to other creditors as it would change the amount of the proof of claim filed in this bankruptcy case.

(8)     This factor weighs in favor of the Creditors as there has been no assertion that the judgment arising from the State Court Case is subject to equitable subordination.

(9)     Because the Debtor is an entity rather than an individual, avoidability of any judgment obtained in the Civil Case is not an issue. To the extent it may be an issue, this factor would also weigh in favor of the Creditors being granted relief from stay because an avoidable judgment would allow the Creditors to collect from the insurance company without preventing the Debtor from avoiding the judgment.

(10)     It is certainly in the best interests of judicial economy, and it would be the most expeditious and economical determination of litigation for the State Court Case to continue in State Court. It would place a burden on this Court, who is unfamiliar with the State Court Case, to bear the burden of overseeing a State Court Case, which would likely involve a jury trial. Again, there are third parties involved that may not be subject to the jurisdiction of the bankruptcy court and Movants would have to incur double expenses to

purse their claims in two different venues. For these reasons, this factor also weighs in favor of granting the Creditors the relief requested.

(11) The State Court Case has proceeded to the point that the parties are preparing for trial. The Debtor has filed its Answer in the State Court Case and the parties have participated in discovery and a jury trial has been scheduled. For this reason, this factor also weighs in favor of granting the Creditors the relief requested.

(12) The automatic stay prevents the State Court Case from proceeding to the extent that liability and the amount of debt the Debtor owes has not been finally determined by the Court in the State Court Case. It would be detrimental to the Creditors to prevent the State Court Case from proceeding. Although highly unlikely, it could be determined that the Debtor owes nothing to the Creditors. The balance of hurt weighs in favor of granting the relief requested by the Creditors.

It is necessary to determine the amount of debt owed by the Debtor to the Creditors and to allow these Creditors to pursue collection of such amounts from the Debtor's insurance carrier. Movants are not seeking relief to collect from the Debtor. Movants are seeking relief to have the damages determined so that they may pursue payment from Debtor's insurance company. The facts are clear, and they all support the granting of relief for the cause set forth herein.

## IV. CONCLUSION

Justin Zachary, as Special Administrator of the Estate of Cesar Figueroa-Gutierrez, Deceased, and Justin Zachary, as Special Administrator of the Estate of Juan Manuel-Medina each should be granted relief from stay to determine Debtor's liabilities in the State Court Case; to determine the amount that Debtor owes in the State Court Case; and to pursue payment from Debtor's insurance carrier. For the reasons set forth herein, cause exists for this Court to grant

these Creditors relief from the automatic stay. The fourteen (14) day stay imposed by Rule

4001(a)(3) of the Federal Rules of Bankruptcy Procedure should be found not applicable. The

harm that these Creditors will suffer if they are not granted relief from stay substantially outweighs

any potential, and unlikely, harm to the Debtor.

**Respectfully submitted,**
**/s/ Lyndsey D. Dilks**
**LYNDSEY D. DILKS, Bar #2007-076**
**DILKS LAW FIRM**
**P O Box 34157**
**Little Rock, AR 72203**
**(501)244-9770 phone**
**(888)689-7626 fax**
**ldilks@dilkslawfirm.com**

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that on March 30, 2026, a copy of the foregoing pleading was mailed to the following by first class mail with sufficient postage or that it was noticed electronically via the Court's electronic noticing service ("ECF"):

Robert N. Rushing, Debtor's Attorney – by ECF
M. Randy Rice, Chapter 7 Trustee – by ECF
US Trustee – by ECF
All others receiving notice via ECF

Lowry Farms, Inc.
2848 HWY 8S
Hermitage, AR 71647
*Via first class mail*

**/s/ Lyndsey D. Dilks**
**LYNDSEY D. DILKS, Bar #2007-076**

8

ELECTRONICALLY FILED
Bradley County Circuit Court
Cindy Wagnon, Bradley County Circuit Clerk
2025-Mar-14  10:16:23
06CV-21-29
C10D03 : 3 Pages

## IN THE CIRCUIT COURT OF BRADLEY COUNTY, ARKANSAS

**KENNETH LEWIS; KENNETH LEWIS individually
And as Parent and Next Friend of KYRA LEWIS,
A minor; and KENNETH LEWIS,
A minor; and KENNETH LEWIS individually as
Parent and Next Friend of KA'BREONA LEWIS, a Minor**                                          **PLAINTIFFS**

**Vs.**                                          **CASE NO. 06CV-21-29**

**FIDEL MARTINEZ-VALOIS;
CLAY LOWRY; and
LOWRY FARMS, INC.**                                          **DEFENDANTS**

**JUSTIN ZACHARY, as**                                          **PLAINTIFFS**
**Special Administrator of the
ESTATE OF CESAR
FIGUEEROA-GUTIERREZ,
Deceased; JUSTIN
ZACHARY, as Special
Administrator of the ESTATE
OF JUAN MANUEL-
MEDINA**

**VS.**                                          **CASE NO. 06CV-22-61**

**LOWRY FARMS, INC.;**                                          **DEFENDANTS**
**FIDEL MARTINEZ-VALOIS;
LEWIS FARMS, LLC; JOHN
DOE ENTITIES 1-4 and
JOHN DOES 1-4**

### ORDER GRANTING MOTION TO STAY CASE

Before the Court is separate Defendants Clay Lowry and Lowry Farms, Inc.'s Motion to Stay the Case pending resolution of the bankruptcy proceedings. After consideration of the Motion presented before the Court, the Court finds that good cause exists to grant the Motion. It is therefore ordered that:

1. The Motion to Stay is hereby GRANTED.

**"EXHIBIT A"**

2. This case is stayed pending resolution of the bankruptcy proceedings initiated by Defendant Lowry Farms, Inc.

3. All pending deadlines and hearings in this matter are VACATED, subject to rescheduling by an Order of this Court lifting the stay.

It is so ORDERED.

Dated this ____ day of _____, 2025.

_____
Hon. Robert B. Gibson, III



**Case Title:** KENNETH LEWIS V FIDEL MARTINEZ-VALOIS, ET AL

**Case Number:** 06CV-21-29

**Type:** ORDER MOTION GRANTED

So Ordered

_____
Robert B. Gibson III, 10th Circuit Division 3
Judge

Electronically signed by RBGIBSON2 on 2025-03-14      page 3 of 3

1:24-bk-70535    Doc#:117    Filed: 03/30/26    Entered: 03/30/26 12:09:28    Page 12 of 59

 **AR**Courts

# 06CV-22-61: JUSTIN ZACHARY V LOWRY FARMS, INC. ET AL

## Case Summary

**Case Number**
06CV-22-61

**Court**
BRADLEY CIRCUIT

**Status**
CASE CLOSED

**Filing Date**
06/23/2022

**Case Type**
AUTOMOBILE TORT

This is not an official court record and should not be considered as such. For official court records, please contact the clerk of the court

**"EXHIBIT B"**

## Case Participants

| Name | Type | Alias |
|------|------|-------|
| ZACHARY PR, JUSTIN | PLAINTIFF | None |
| LOWRY FARMS, INC. | DEFENDANT | None |
| MARTINEZ-VALOIS, FIDEL | DEFENDANT | None |
| LEWIS FARMS LLC | DEFENDANT | None |
| LEWIS, KENNETH | DEFENDANT | None |
| BEARD JR , ROBERT L | PLAINTIFF/PETITIONER ATTORNEY | JR, ROBERT L BEARD |
| DEACON JR , JOSEPH BARRETT | DEFENDANT/RESPONDENT ATTORNEY | None |
| SAYES, JAMES MELTON | DEFENDANT/RESPONDENT ATTORNEY | SAYES, JAMES MELTON,SAYES, MEL |
| ADKINS, JOHN MICHAEL | DEFENDANT/RESPONDENT ATTORNEY | None |
| HOGGARD, DENISE REID | PLAINTIFF/PETITIONER ATTORNEY | HOGGARD, DENISE REID |
| WILLIAMS, JOHN WALKER | DEFENDANT/RESPONDENT ATTORNEY | None |
| HASHEM, HANI WAIL | DEFENDANT/RESPONDENT ATTORNEY | HASHEM, HANI W.,HASHEM, HANI WAIL |

| Name | Type | Alias |
|------|------|-------|
| K AND J FARM AND RANCH LLC | DEFENDANT | None |
| 10TH CIRCUIT DIVISION 3 | JUDGE | GIBSON |

## Case Events

No Events

## Offenses

No Offenses

## Sentences

No Sentences

## Milestone Tracks

No Milestones

This is not an official court record and should not be considered as such. For official court records, please contact the clerk of the court

## Docket Entries

| Filing Date | Description | Docket Detail | Name | Documents |
|---|---|---|---|---|
| 06/23/2022 @ 9:00AM | SUMMONS ISSUED | LOWRY FARMS, INC. FIDEL MARTINEZ-VALOIS LEWIS FARMS LLC KENNETH LEWIS | None | 📄 SUMMONS |
| 06/23/2022 @ 9:00AM | MOF ORIGINAL | None | None | None |
| 06/23/2022 @ 9:00AM | AOC COVERSHEET CIVIL | None | None | None |
| 06/23/2022 @ 9:00AM | COMPLAINT/PETITION FILED | None | None | 📄 COMPLAINT |
| 07/20/2022 @ 4:23PM | ANSWER FILED | None | DEACON JR , JOSEPH BARRETT | 📄 ANSWER |
| 07/25/2022 @ 10:30AM | RESPONSE/REPLY | ANSWER ON BEHALF OF LEWIS FARMS LLC AND KENNETH LEWIS | SAYES, JAMES MELTON | 📄 ANSWER |
| 07/25/2022 @ 10:30AM | EFILING NOTICE OF APPEARANCE | None | SAYES, JAMES MELTON | None |

This is not an official court record and should not be considered as such. For official court records, please contact the clerk of the court

1:24-bk-70535    Doc#: 117    Filed: 03/30/26    Entered: 03/30/26 12:09:28    Page 16 of 59

| Filing Date | Description | Docket Detail | Name | Documents |
|---|---|---|---|---|
| 07/29/2022 @ 9:27AM | ENTRY OF APPEARANCE | None | ADKINS, JOHN MICHAEL | 📄 OTHER |
| 08/05/2022 @ 1:23PM | SUMMONS SERVED | None | BEARD JR , ROBERT L | 📄 SUMMONS |
| 08/05/2022 @ 1:23PM | SUMMONS SERVED | None | BEARD JR , ROBERT L | 📄 SUMMONS |
| 08/05/2022 @ 1:23PM | SUMMONS SERVED | None | BEARD JR , ROBERT L | 📄 SUMMONS |
| 09/27/2022 @ 2:48PM | MOTION WITHDRAW AS COUNSEL | None | ADKINS, JOHN MICHAEL | 📄 MOTION |
| 10/14/2022 @ 3:56PM | AFFIDAVIT FILED | None | BEARD JR , ROBERT L | 📄 AFFIDAVIT |
| 10/14/2022 @ 3:56PM | MOTION EXTENSION OF TIME | None | BEARD JR , ROBERT L | 📄 MOTION |
| 10/17/2022 @ 3:15PM | ORDER EXTENSION OF TIME | None | None | 📄 ORDER |
| 10/18/2022 @ 1:48PM | EXHIBITS | Exhibit A | BEARD JR , ROBERT L | 📄 EXHIBITS |
| 10/18/2022 @ 1:48PM | MOTION EXTEND SERVICE TIME | Motion for Extension of Time to Serve | BEARD JR , ROBERT L | 📄 MOTION |

This is not an official court record and should not be considered as such. For official court records, please contact the clerk of the court

| Filing Date | Description | Docket Detail | Name | Documents |
|---|---|---|---|---|
| 10/19/2022 @ 9:47AM | ORDER EXTEND SERVICE TIME | None | None | 📄 ORDER |
| 11/21/2022 @ 3:36PM | LETTER TO COURT | None | SAYES, JAMES MELTON | 📄 LETTER |
| 11/21/2022 @ 3:36PM | MOTION COMPEL DISCOVERY | None | SAYES, JAMES MELTON | 📄 MOTION |
| 11/21/2022 @ 3:36PM | EXHIBITS | A | SAYES, JAMES MELTON | 📄 EXHIBITS |
| 11/21/2022 @ 3:39PM | LETTER TO COURT | None | SAYES, JAMES MELTON | 📄 LETTER |
| 11/30/2022 @ 9:25AM | ORDER ON MTN COMPEL | None | None | 📄 ORDER |
| 01/17/2023 @ 2:44PM | MOTION EXTEND SERVICE TIME | None | BEARD JR , ROBERT L | 📄 MOTION |
| 01/20/2023 @ 2:51PM | ORDER EXTEND SERVICE TIME | None | None | 📄 ORDER |
| 01/23/2023 @ 4:47PM | MOTION OTHER | Motion for Warning Order | BEARD JR , ROBERT L | 📄 MOTION |
| 01/23/2023 @ 4:47PM | EXHIBITS | Ex A - Affidavit | BEARD JR , ROBERT L | 📄 EXHIBITS |

This is not an official court record and should not be considered as such. For official court records, please contact the clerk of the court

1:24-bk-70535    Doc#:117    Filed: 03/30/26    Entered: 03/30/26 12:09:28    Page 18 of 59

| Filing Date | Description | Docket Detail | Name | Documents |
|---|---|---|---|---|
| 03/02/2023 @ 2:38PM | WARNING ORDER IN PERSONAM | None | None | 📄 ORDER |
| 03/10/2023 @ 1:55PM | WARNING ORDER ISSUED BY CLERK | None | None | 📄 ORDER |
| 03/13/2023 @ 11:50AM | ENTRY OF APPEARANCE | None | WILLIAMS, JOHN WALKER | 📄 OTHER |
| 03/24/2023 @ 10:38AM | SUMMONS FEE 21-6-402 $ | None | BEARD JR , ROBERT L | None |
| 03/31/2023 @ 11:26AM | MOTION WITHDRAW AS COUNSEL | Motion to Withdraw | WILLIAMS, JOHN WALKER | 📄 MOTION |
| 04/03/2023 @ 12:20PM | PROOF OF PUBLICATION | None | BEARD JR , ROBERT L | 📄 OTHER |
| 04/03/2023 @ 2:14PM | ORDER WITHDRAW PTR | Order to Withdraw | None | 📄 ORDER |
| 04/07/2023 @ 10:19AM | PROOF OF PUBLICATION | None | BEARD JR , ROBERT L | 📄 OTHER |
| 04/14/2023 @ 1:50PM | AMENDED COMPLAINT | None | BEARD JR , ROBERT L | 📄 COMPLAINT |
| 04/17/2023 @ 4:20PM | SUMMONS ISSUED | SUMMONS ISSUED FOR FIDEL | None | 📄 SUMMONS |

| Filing Date | Description | Docket Detail | Name | Documents |
|---|---|---|---|---|
| | | MARTINEZ-VALOIS | | |
| 04/19/2023 @ 8:53AM | SUMMONS ISSUED | SUMMONS ISSUED ON K AND JA FARM AND RANCH LLC, REGISTERED AGENT: JOSHUA HAYS | None | SUMMONS |
| 04/19/2023 @ 12:18PM | ANSWER FILED | Answer to Amended Complaint | SAYES, JAMES MELTON | ANSWER |
| 05/02/2023 @ 11:24AM | ANSWER FILED | Answer to Amended Complaint | DEACON JR , JOSEPH BARRETT | ANSWER |
| 05/03/2023 @ 9:41AM | AFFIDAVIT OF SERVICE | None | BEARD JR , ROBERT L | AFFIDAVIT |
| 05/22/2023 @ 2:32PM | MOTION EXTEND SERVICE TIME | None | BEARD JR , ROBERT L | MOTION |
| 05/30/2023 @ 8:46AM | ORDER EXTEND SERVICE TIME | None | None | ORDER |
| 05/31/2023 @ 2:11PM | ENTRY OF APPEARANCE | ENTRY OF APPEARANCE | None | OTHER |

| Filing Date | Description | Docket Detail | Name | Documents |
|---|---|---|---|---|
| 05/31/2023 @ 2:12PM | ANSWER FILED | SEPARATE ANSWER OF DEFENDANT K & J FARM AND RANCH LLC TO PLAINTIFFS' AMENDED COMPLAINT | None | 📄 ANSWER |
| 06/20/2023 @ 1:19PM | AFFIDAVIT OF SERVICE | AOS-Fidel Valois | BEARD JR , ROBERT L | 📄 PROOF OF SERVICE |
| 06/21/2023 @ 1:42PM | ENTRY OF APPEARANCE | None | HASHEM, HANI WAIL | 📄 OTHER |
| 06/21/2023 @ 1:42PM | ANSWER FILED | Defendant Fidel Martinez-Valois to Plaintiffs' Amended Complaint | HASHEM, HANI WAIL | 📄 ANSWER |
| 06/21/2023 @ 3:51PM | AMENDED ANSWER | Defendant K&J Farm & Ranch to Plaintiffs' Amended Complaint | HASHEM, HANI WAIL | 📄 ANSWER |
| 07/31/2023 @ 10:02AM | REQUEST FOR ADMISSIONS | None | BEARD JR , ROBERT L | 📄 OTHER |

This is not an official court record and should not be considered as such. For official court records, please contact the clerk of the court

| Filing Date | Description | Docket Detail | Name | Documents |
|---|---|---|---|---|
| 07/31/2023 @ 10:02AM | REQUEST FOR ADMISSIONS | None | BEARD JR , ROBERT L | 📄 OTHER |
| 07/31/2023 @ 10:02AM | REQUEST FOR ADMISSIONS | None | BEARD JR , ROBERT L | 📄 OTHER |
| 07/31/2023 @ 10:02AM | REQUEST FOR ADMISSIONS | None | BEARD JR , ROBERT L | 📄 OTHER |
| 07/31/2023 @ 10:02AM | REQUEST FOR ADMISSIONS | None | BEARD JR , ROBERT L | 📄 OTHER |
| 08/25/2023 @ 4:27PM | RESPONSE TO REQ FOR ADMISSIONS | None | SAYES, JAMES MELTON | 📄 RESPONSE |
| 08/25/2023 @ 4:27PM | RESPONSE TO REQ FOR ADMISSIONS | None | SAYES, JAMES MELTON | 📄 RESPONSE |
| 10/19/2023 @ 3:52PM | MOTION CONSOLIDATE | None | HASHEM, HANI WAIL | 📄 MOTION |
| 10/19/2023 @ 3:55PM | LETTER TO COURT | None | HASHEM, HANI WAIL | 📄 LETTER |
| 11/01/2023 @ 4:01PM | RESPONSE TO MOTION FILED | Response to Motion to | BEARD JR , ROBERT L | 📄 RESPONSE |

This is not an official court record and should not be considered as such. For official court records please contact the clerk of the court

1:24-bk-70535    Doc#:117    Filed: 03/30/26    Entered: 03/30/26 12:09:28    Page 22 of 59

| Filing Date | Description | Docket Detail | Name | Documents |
|---|---|---|---|---|
|  |  | Consolidate |  |  |
| 11/07/2023 @ 3:32PM | LETTER FROM COURT | None | None | 📄 LETTER |
| 11/08/2023 @ 3:28PM | LETTER TO COURT | None | HASHEM, HANI WAIL | 📄 LETTER |
| 11/09/2023 @ 2:47PM | ORDER OTHER | ORDER TO CONSOLIDATE WITH 06CV-21-29 | None | 📄 ORDER |
| 11/25/2024 @ 2:54PM | CASE CLOSED | None | None | None |
| 11/25/2024 @ 2:54PM | MOD CONSOLIDATED | None | None | None |
| 11/25/2024 @ 2:54PM | AOC DISPOSITION SHEET | CONSOLIDATED WITH 06CV-21-29 | None | None |

This is not an official court record and should not be considered as such. For official court records, please contact the clerk of the court





# 06CV-21-29: KENNETH LEWIS V FIDEL MARTINEZ-VALOIS, ET AL

## Case Summary

Case Number
06CV-21-29

Filing Date
04/26/2021

Court
BRADLEY CIRCUIT

Case Type
AUTOMOBILE TORT

Status
CASE OPEN

**"EXHIBIT C"**

## Case Participants

| Name | Type | Alias |
|------|------|-------|
| LEWIS, KENNETH WAYNE | PLAINTIFF | None |
| MARTINEZ-VALOIS, FIDEL | DEFENDANT | None |
| LOWRY, CLAY | DEFENDANT | None |
| LOWRY FARMS, INC. | DEFENDANT | None |
| ADKERSON, JOSHUA L | PROSECUTING ATTORNEY | None |
| DEACON JR , JOSEPH BARRETT | DEFENDANT/RESPONDENT ATTORNEY | None |
| HASHEM, HANI WAIL | DEFENDANT/RESPONDENT ATTORNEY | HASHEM, HANI W.,HASHEM, HANI WAIL |
| 10TH CIRCUIT DIVISION 3 | JUDGE | GIBSON |
| MARLIN, RUSSELL D | PLAINTIFF/PETITIONER ATTORNEY | MARLIN, RUSSELL,MARLIN, RUSSELL D. |
| K&J FARM AND RANCH LLC | DEFENDANT | None |
| ADKINS, JOHN MICHAEL | DEFENDANT/RESPONDENT ATTORNEY | None |
| BEARD JR , ROBERT L | PLAINTIFF/PETITIONER ATTORNEY | JR, ROBERT L BEARD |

| Name | Type | Alias |
|------|------|-------|
| HOGGARD, DENISE REID | PLAINTIFF/PETITIONER ATTORNEY | HOGGARD, DENISE REID |
| MANUEL-MEDINA, JUAN | PLAINTIFF | None |
| FIGUERO-GUTIERREZ, CESAR | PLAINTIFF | None |
| SAYES, JAMES MELTON | DEFENDANT/RESPONDENT ATTORNEY | SAYES, JAMES MELTON,SAYES, MEL |
| LEWIS, KENNETH | DEFENDANT | None |
| LEWIS FARMS, LLC | DEFENDANT | None |

## Case Events

No Events

## Offenses

No Offenses

## Sentences

No Sentences

## Milestone Tracks

No Milestones

This is not an official court record and should not be considered as such. For official court records, please contact the clerk of the court

## Docket Entries

| Filing Date | Description | Docket Detail | Name | Documents |
|---|---|---|---|---|
| 04/26/2021 @ 9:00AM | SUMMONS ISSUED | SUMMONS ISSUED: FIDEL MARTINEZ-VALOIS CLAY LOWRY LOWRY FARMS, INC. | None | 📄 SUMMONS |
| 04/26/2021 @ 9:00AM | MOF ORIGINAL | None | None | None |
| 04/26/2021 @ 9:00AM | COMPLAINT/PETITION FILED | None | None | 📄 COMPLAINT |
| 04/26/2021 @ 9:00AM | AOC COVERSHEET CIVIL | None | None | None |
| 05/25/2021 @ 10:15AM | ANSWER FILED | ANSWER OF CLAY LOWRY AND LOWRY FARMS | None | 📄 ANSWER |
| 06/14/2021 @ 10:00AM | SUMMONS ISSUED | SUMMONS ISSUED TO FIDEL MARTINEZ VALOS | None | 📄 SUMMONS |
| 07/27/2021 @ 1:45PM | AFFIDAVIT OF SERVICE | None | ADKERSON, JOSHUA L | 📄 SUMMONS |
| 07/27/2021 @ 1:45PM | AFFIDAVIT OF SERVICE | None | ADKERSON, JOSHUA L | 📄 SUMMONS |

| Filing Date | Description | Docket Detail | Name | Documents |
|---|---|---|---|---|
| 07/27/2021 @ 1:45PM | AFFIDAVIT OF SERVICE | None | ADKERSON, JOSHUA L | 📄 SUMMONS |
| 07/28/2021 @ 1:52PM | ENTRY OF APPEARANCE | None | DEACON JR , JOSEPH BARRETT | 📄 OTHER |
| 07/28/2021 @ 1:54PM | ENTRY OF APPEARANCE | None | None | 📄 OTHER |
| 08/02/2021 @ 1:39PM | ANSWER FILED | None | HASHEM, HANI WAIL | 📄 ANSWER |
| 08/02/2021 @ 1:39PM | ANSWER FILED | Defendant Fidel Martinez-Valois | HASHEM, HANI WAIL | 📄 ANSWER |
| 08/02/2021 @ 1:39PM | EFILING NOTICE OF APPEARANCE | None | HASHEM, HANI WAIL | None |
| 02/08/2022 @ 11:05AM | MOTION EXTENSION OF TIME | None | HASHEM, HANI WAIL | 📄 MOTION |
| 05/27/2022 @ 2:02PM | NOTICE - OTHER | Filing Discovery Responses | HASHEM, HANI WAIL | 📄 NOTICE |
| 07/22/2022 @ 12:15PM | AMENDED COMPLAINT | None | MARLIN, RUSSELL D | 📄 COMPLAINT |
| 07/22/2022 @ 12:15PM | AFFIDAVIT FILED | of John Doe | MARLIN, RUSSELL D | 📄 AFFIDAVIT |

This is not an official court record and should not be considered as such. For official court records, please contact the clerk of the court

| Filing Date | Description | Docket Detail | Name | Documents |
|---|---|---|---|---|
| 07/22/2022 @ 12:15PM | EFILING NOTICE OF APPEARANCE | None | MARLIN, RUSSELL D | None |
| 07/25/2022 @ 9:00AM | SUMMONS ISSUED | K&J FARM AND RANCH, LLC JOSHUA HAYS, REGISTERED AGENT | None | SUMMONS |
| 08/05/2022 @ 11:01AM | AFFIDAVIT OF SERVICE | None | MARLIN, RUSSELL D | AFFIDAVIT |
| 08/09/2022 @ 12:38PM | EFILING NOTICE OF APPEARANCE | None | ADKINS, JOHN MICHAEL | None |
| 08/09/2022 @ 12:38PM | ANSWER FILED | None | ADKINS, JOHN MICHAEL | ANSWER |
| 08/11/2022 @ 2:42PM | ANSWER FILED | Amended Complaint | HASHEM, HANI WAIL | ANSWER |
| 08/25/2022 @ 11:03AM | ANSWER FILED | K&J Farm and Ranch, LLC | HASHEM, HANI WAIL | ANSWER |
| 09/27/2022 @ 2:40PM | MOTION WITHDRAW AS COUNSEL | None | ADKINS, JOHN MICHAEL | MOTION |
| 03/31/2023 @ 11:32AM | MOTION WITHDRAW AS COUNSEL | Motion to Withdraw | None | MOTION |

1:24-bk-70535   Doc#: 117   Filed: 03/30/26   Entered: 03/30/26 12:09:28   Page 29 of 59
KENNETH LEWIS v. GUELNAR ENTEZVELOIS, et al. 06CV-21-29 Arkansas Judiciary

| Filing Date | Description | Docket Detail | Name | Documents |
|---|---|---|---|---|
| 04/06/2023 @ 8:17AM | ORDER WITHDRAW PTR | Order to Withdraw | 10TH CIRCUIT DIVISION 3 | 📄 ORDER |
| 07/31/2023 @ 3:54PM | NOTICE - OTHER | Filing Discovery Responses | HASHEM, HANI WAIL | 📄 RESPONSE |
| 10/02/2023 @ 12:47PM | LETTER FROM COURT | None | None | 📄 LETTER |
| 10/09/2023 @ 11:53AM | LETTER TO COURT | None | MARLIN, RUSSELL D | 📄 LETTER |
| 10/19/2023 @ 3:51PM | MOTION CONSOLIDATE | None | HASHEM, HANI WAIL | 📄 MOTION |
| 10/19/2023 @ 3:54PM | LETTER TO COURT | None | HASHEM, HANI WAIL | 📄 LETTER |
| 10/19/2023 @ 3:56PM | LETTER TO COURT | None | HASHEM, HANI WAIL | 📄 LETTER |
| 11/07/2023 @ 3:32PM | LETTER FROM COURT | None | None | 📄 LETTER |
| 11/08/2023 @ 3:27PM | LETTER TO COURT | None | HASHEM, HANI WAIL | 📄 ORDER |
| 11/09/2023 @ 2:45PM | ORDER ON MTN CONSOLIDATE | None | 10TH CIRCUIT DIVISION 3 | 📄 ORDER |

| Filing Date | Description | Docket Detail | Name | Documents |
|---|---|---|---|---|
| 04/17/2024 @ 5:01PM | LETTER TO COURT | None | MARLIN, RUSSELL D | 📄 LETTER |
| 05/07/2024 @ 2:29PM | ORDER - SCHEDULING ORDER | ORDER SETTING CIVIL JURY TRIAL 2ND OUT | None | 📄 ORDER |
| 05/29/2024 @ 12:02PM | EFILING ADD PARTIES | None | BEARD JR , ROBERT L | None |
| 05/29/2024 @ 12:02PM | ENTRY OF APPEARANCE | Entry of Appearance of Robert L. Beard, Jr. and Denise Reid Hoggard | BEARD JR , ROBERT L | 📄 OTHER |
| 06/20/2024 @ 1:31PM | NOTICE - OTHER | of Filing Bankruptcy | None | 📄 NOTICE |
| 02/28/2025 @ 3:46PM | BRIEF IN SUPPORT | None | DEACON JR , JOSEPH BARRETT | 📄 BRIEF |
| 02/28/2025 @ 3:46PM | MOTION OTHER | MOTION TO STAY PENDING RESOLUTION OF BANKRUPTCY | DEACON JR , JOSEPH BARRETT | 📄 MOTION |
| 03/07/2025 @ 3:13PM | JURY TRIAL CANCELLED | None | None | None |

This is not an official court record and should not be considered as such. For official court records, please contact the clerk of the court

| Filing Date | Description | Docket Detail | Name | Documents |
|---|---|---|---|---|
| 03/14/2025 @ 10:16AM | ORDER MOTION GRANTED | None | 10TH CIRCUIT DIVISION 3 | 📄 ORDER |

This is not an official court record and should not be considered as such. For official court records, please contact the clerk of the court

ELECTRONICALLY FILED
Bradley County Circuit Court
Cindy Wagnon, Bradley County Circuit Clerk
2023-Apr-14  13:50:14
06CV-22-61
C10D02 : 28 Pages

## IN THE CIRCUIT COURT OF BRADLEY COUNTY, ARKANSAS
## CIVIL DIVISION

| | |
|---|---|
| JUSTIN ZACHARY as SPECIAL<br>ADMINISTRATOR of the ESTATE of<br>CESAR FIGUEROA-GUTIERREZ, Deceased;<br>JUSTIN ZACHARY, as SPECIAL<br>ADMINISTRATOR of the ESTATE of<br>JUAN MANUEL-MEDINA, Deceased | **PLAINTIFFS** |

vs.                    NO. 06CV-22-61-2

| | |
|---|---|
| LOWRY FARMS, INC,.;<br>CLAY LOWRY<br>FIDEL MARTINEZ-VALOIS;<br>LEWIS FARMS, LLC.;<br>KENNETH LEWIS, Individually;<br>K & J FARM AND RANCH, LLC;<br>JOHN DOE DEFENDANTS 1,<br>2, 3, 4, 5, 6, 7, 8, 9, and 10 | **DEFENDANTS** |

## AMENDED COMPLAINT

COMES NOW Plaintiff Justin Zachary, as Special Administrator of the Estate of Cesar Figueroa-Gutierrez, Deceased, and as Special Administrator of the Estate of Juan Manuel-Medina, Deceased, by and through his attorneys, RAINWATER, HOLT & SEXTON, P.A., for his Amended Complaint against Defendants Lowry Farms, Inc.; Fidel Martinez-Valois; Kenneth Lewis; and Lewis Farms, LLC; and John Does 1-10, states and alleges the following:

1.     The purpose of this Amendment is to add to the Complaint filed on June

1

**"EXHIBIT D"**

23, 2022, not to supplant said Complaint. Plaintiff incorporates that Complaint by reference.

## I. RESIDENCY & PARTIES

1. Cesar Figueroa-Gutierrez, deceased, was at all times relevant a resident of Hermitage, Bradley County, Arkansas.

2. Plaintiff Justin Zachary is the duly appointed Special Administrator of the Estate of Cesar Figueroa-Gutierrez, deceased, having been appointed by the Circuit Court of Bradley County, Arkansas on July 1, 2021. **Exhibit 1.**

3. Juan Manuel-Medina, deceased, was at all times relevant a resident of Warren, Bradley County, Arkansas.

4. Plaintiff Justin Zachary is the duly appointed Special Administrator of the Estate of Juan Manuel-Medina, deceased, having been appointed by the Circuit Court of Bradley County, Arkansas on March 19, 2022. **Exhibit 2.**

5. Cesar Figueroa-Gutierrez and Juan Manuel-Medina will be collectively referred to as "the deceased," and their estates will be collectively referred to as Plaintiffs.

6. Separate Defendant Fidel Martinez-Valois (hereinafter "Valois"), upon information and belief, was at all times relevant a resident of Hermitage, Bradley County, Arkansas. Upon information and belief separate defendant Fidel Martinez-Valois currently resides in Mexico.

7. Upon information and belief, Separate Defendant Valois, at all times relevant was an agent, servant, or employee, of Separate Defendant Clay Lowry, and

acting within the course and scope of his agency, service, or employment, and any negligence on the part of Separate Defendant Valois is imputed to Separate Defendant Clay Lowry.

8. Upon information and belief, Separate Defendant Valois, at all times relevant was an agent, servant, or employee of Separate Defendant Lowry Farms, Inc. and any negligence on the part of Separate Defendant Valois is imputed to Separate Defendant Lowry Farms, Inc.

9. Upon information and belief, Separate Defendant Valois, at all times relevant was an agent, servant, or employee of Separate Defendant K&J Farm and Ranch, LLC, and any negligence on the part of Separate Defendant Valois is imputed to Separate Defendant K&J Farm and Ranch, LLC.

10. Separate Defendant Clay Lowry (hereinafter "Lowry"), upon information and belief, was at all times relevant a resident of Hermitage, Bradley County, Arkansas.

11. Separate Defendant Lowry Farms, Inc., (hereinafter "Lowry Farms") is a for profit corporation registered to do business in the state of Arkansas. Upon information and belief, its registered agent, Clay Lowry, may be served at 2848 Highway 8 South, Hermitage, Bradley County, Arkansas, 71647.

12. Separate Defendant Kenneth Lewis (hereinafter "Lewis") is an individual resident of Desha County, Arkansas.

13. Separate Defendant Lewis Farms, LLC (hereinafter "Lewis Farms") is a Limited Liability Company with its principal address in McGehee, AR 71654, in

3

Desha County, Arkansas. Upon information and belief, its registered agent, Mr. Kenneth Lewis may be served at 400 South Fifth Street, McGehee, AR 71654.

14. Separate Defendant K&J Farm and Ranch, LLC is a domestic for-profit limited liability company in the State of Arkansas with its principal place of business located in Warren, Bradley, Arkansas. Separate Defendant K&J Farm and Ranch, LLC has named its agent for service of process as Joshua Hays, 959 Bradley 32, Warren, Arkansas 71671.

15. Defendants John Does 1, 2, 3, 4, 5, 6, 7. 8, 9, and 10 (hereinafter collectively "John Doe Defendants") consist of tortfeasors, individuals and/or entities, whose identities are unknown at this time. Plaintiff's counsel has executed an affidavit, hereto attached as **Exhibit 3**, pursuant to Ark. Code Ann. § 16-56-125. Their identities may be (a) potential employees of Separate Defendant Lowry Farms; (b) potential corporate entities engaged in business with currently known Defendants and/or unknown Defendants; (c) unknown third-party staffing agencies employing seasonal workers; (d) unknown owners and/or leasors of the vehicles and or employees involved in the collision; (e) individuals and/or companies that supervised, investigated, directed, or otherwise that engaged in negligent conduct that was a contributing proximate cause to the collision, injuries, damages and deaths involved; and/or (e) potential insurance companies that insure the current or unknown Defendants, such as underinsured motorist coverage. Absent additional discovery, Plaintiff cannot identify these other potential tortfeasors and/or insurance carriers at this time. It is therefore claimed that John Does 1 through 10 consist of employees

4

and/or employers and/or staffing agencies and/or insurance carriers providing insurance for any of the named Defendants and/or John Doe Defendants described herein.

16.     The incident giving rise to this cause of action occurred at or near the intersection of US Highway 278 and Bradley County Road 32 in rural Bradley County, Arkansas.

## II. JURISDICTION & VENUE

17.     This Court has jurisdiction pursuant to Ark. Code Ann. § 16-13-201(a), which provides that circuit courts shall have original jurisdiction of all actions and proceedings for the redress of civil grievances except where exclusive jurisdiction is given to other courts.

18.     Venue is proper pursuant to Ark. Code Ann. § 16-60-101, which provides that all actions for damages for personal injury may be brought in the county where the collision occurred which caused the injury or in the county where the person injured resided at the time of the injury.

## III. BASIC PREMISE

19.     This is a negligence case that arises from a motor vehicle collision that occurred on April 17, 2020, at or near the intersection of US Highway 278 and Bradley County Road 32 in rural Bradley County, Arkansas. Separate Defendant Valois was driving a maroon 1993 Ford F-350 Van with seven (7) passengers for Separate Defendant Lowry Farms.   Separate Defendant Valois negligently entered an intersection controlled by a stop sign without having a clear sightline of an

5

approaching tractor-trailer.  The approaching tractor-trailer was driven by Separate Defendant Kenneth Lewis in excess of the appropriate speed for the circumstances and therefore was unable to stop before colliding with the maroon Ford F-350 van. Separate Defendant Kenneth Lewis was driving a tractor and trailer as employee and/or agent and/or independent contractor of Separate Defendant Lewis Farms. The decedents, Cesar Figueroa-Gutierrez and Juan Manuel-Medina, were passengers in the van Separate Defendant Valois was operating. As a result of Defendants' negligence, the tractor-trailer collided with the van. This collision resulted in the untimely passing of Cesar Figueroa-Gutierrez and Juan Manuel-Medina.

### IV. FACTUAL ALLEGATIONS

20.    On or about April 17, 2020, at approximately 7:35am, Cesar Figueroa-Gutierrez, deceased, and Juan Manel-Medina, deceased were two (2) of seven (7) passengers in a maroon 1993 Ford passenger van.

21.    Separate Defendant Lowry Farms was the registered owner of the maroon 1993 Ford F-350 van.

22.    Separate Defendant Lowry and/or Separate Defendant Lowry Farms and/or Separate Defendant John Doe Defendants as part of their relationship assigned and/or allowed Separate Defendant Valois to drive the maroon 1993 Ford F-350 van.

23.    Separate Defendant Valois did not have a valid driver's license on the day of the horrible collision at the center of this matter.

24.    Upon information and belief, Defendant Valois has not had a valid

6

driver's license dating back to at least 2007.

25. On or about April 17, 2020, at approximately 7:35 a.m., Separate Defendant Valois was driving the 1993 Ford Passenger van southbound on Bradley County Road 32.

26. Separate Defendant Valois was operating the 1993 Ford F-350 passenger van in the normal course and scope of his employment and/or agency and/or as an unqualified independent contract carelessly selected by Separate Defendant Lowry Farms and/or Separate Defendant Lowry and/or Separate John Doe Defendant at the time of the collision in this matter.

27. According to his translated statement, Separate Defendant Valois did not have a clear view of the intersection and approaching traffic.

28. Separate Defendant Valois could not see the approaching truck because one (1) of the seven (7) passengers was in his line of sight when he entered the intersection, according to his translated statement.

29. Separate Defendant Valois said he stopped at the intersection but was not able to see because of the passenger that was obstructing his view, according to his translated statement.

30. Separate Defendant Valois entered US highway 278, without a clear line of sight of westbound traffic approaching from Separate Defendant Valois' right on US Highway 278.

31. Separate Defendant Valois did not wait until all crossing vehicles cleared the intersection before proceeding into the intersection.

7

32.     Separate Defendant Valois did not take the steps necessary to see approaching traffic.

33.     Separate Defendant Valois did not wait until he had a clear line of sight before he entered the intersection.

34.     Separate Defendant Valois's failed to ensure a clear sight path for approaching vehicles and failed to allow approaching traffic to clear the intersection before driving the Ford F-350 van carrying seven (7) passengers into the pathway of an approaching, fully loaded tractor-trailer.

35.     At or about the same time as Separate Defendant Valois was entering the intersection, Separate Defendant Wayne Lewis was eastbound on US Highway 278 in a 2000 Volvo tractor VIN 4V4ND3JJ5YN237251 displaying Arkansas License Plate F308446 and pulling a fully loaded trailer displaying Arkansas License Plate PT196901.

36.     Upon information and belief, the tractor and trailer described in paragraph 30 above, is owned by Defendant Kenneth Lewis and used for agricultural purposes with Separate Defendant Lewis Farms.

37.     Upon information and belief, Defendant Kenneth Lewis was in the course and scope of his employment and/or agency with Separate Defendant Lewis Farms and/or Separate John Doe Defendants at the time of the collision at issue in this matter.

38.     The intersection of Bradley County Road 32 and US Highway 278 is controlled by stop signs requiring southbound traffic on County Road 32 to stop and

8

yield-the-right-of-way to traffic approaching from the east or west on US Highway 278.

39. Professional drivers with a commercial driver's license know or should know that the industry standards that traffic approaching from an intersection are hazards, even if those approaching drivers do not have the right-of-way.

40. Separate Defendant Lewis had a Class A commercial driver's license at the time of the collision.

41. Separate Defendant Lewis saw the Ford F-350 van approaching the intersection where the collision occurred.

42. Separate Defendant Lewis was not prepared to stop at the intersection of Bradley County Road 32 and US Highway 278 after he saw the approaching marron Ford F-350 passenger van.

43. Separate Defendant Lewis did not take evasive measures sufficient to avoid collision with the Ford 350 passenger van.

44. Separate Defendant Lewis did not maintain a lookout sufficient to avoid collision with the Ford F-350 passenger van.

45. Upon information and belief, the tractor and trailer combination driven by Separate Defendant Lewis left 156 feet 2 inches of skid marks prior to the collision with the van.

46. Upon information and belief, Separate Defendant Lewis was driving the tractor-trailer along US Highway 278 in excess of the speed limit with a full load as he approached the hazard, colliding with the Ford F-350 passenger van.

9

47.    The posted speed limit for the tractor-trailer was 55 miles per hour.

48.    Separate Defendant Kenneth Lewis did not take adequate precautions to avoid the collision despite having seen the van approaching the intersection.

49.    Separate Defendant Kenneth Lewis observed what he should have recognized as an approaching user hazard (the marron F-350 passenger van), but he did not prepare to stop.

50.    Decedents were wearing their respective shoulder and lap seat belts at the time of the collision.

51.    Decedent Cesar Figueroa-Gutierrez suffered fatal injuries which he succumbed to at the scene.

52.    At the time of his death, Decedent Cesar Figueroa-Gutierrez was thirty-five (35) years of age and was a healthy, able-bodied man with a normal life expectancy.

53.    Decedent Cesar Figueroa-Gutierrez left surviving him, his wife, Maria Isabel Alberto Garcia; his two minor daughters, Andrea Lizette Figueroa Alberto and Carmen Geraldina Figueroa Alberto; his parents, Jaun deDeio Girueroa Balasques and Patricia Gutierrez Macedo; and two adult sisters, each of whom have suffered and will continue to suffer mental anguish by reason of his wrongful death.

54.    Decedent Juan Manuel-Medina suffered fatal injuries which he succumbed to after being transported to Drew County Medical Center.

55.    At the time of his death, Juan Manuel-Medina was forty (40) years of age and was a healthy, able-bodied man with a normal life expectancy.

10

56.     Juan Manuel-Medina left surviving him, his wife, Claudia Bautista Flores; Nallely Guadalupe Medina Bautista, minor daughter; Kaylin Belen Medina Bautista, minor daughter; Roxanne Medina Santiaqgo, adult sister; Miguel Angel Medina, adult brother; Carlos Eduardo Medina Santiago, adult brother; Carols Medina Morales, adult father; and Paula Santiago, adult mother.

## V. COUNT 1:  ORDINARY NEGLIGENCE
### Separate Defendants Lowry, Lowry Farm, Valois, Lewis Farms, and Kenneth Lewis

57.     All of the allegations previously pled herein are re-alleged as though stated word-for-word.

58.     Separate Defendant Valois, was negligent in the following respects:

   a.     Driving in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, in violation of Ark. Code Ann. § 27-51-104(a);

   b.     Driving in such a careless manner as to evidence failure to maintain proper control, in violation of Ark. Code Ann. § 27-51-104(a), (b)(6), and (b)(8);

   c.     Failing to the yield the right of way at an intersection controlled by a stop sign. Ark. Code Ann. §27-51-601;

   d.     Driving in a manner that was inattentive and such inattention was not reasonable and prudent in maintaining vehicular control, in violation of Ark. Code Ann. § 27-51-104(b)(8);

   e.     Failing to keep a lookout for other vehicles, in violation of the common law of Arkansas;

   f.     Failing to keep his vehicle under control, in violation of the common law of Arkansas;

   g.     Failing to drive a speed no greater than was reasonable and prudent under the circumstances, having due regard for any actual or potential hazards, in violation of the common law of

11

Arkansas;

h.   Failing to keep his vehicle under control, in violation of the common law of Arkansas;

i.   Failing to operate his vehicle in a safe and reasonable manner;

j.   Operating a motor vehicle in a manner inconsistent with the laws of the State of Arkansas; and

k.   Otherwise failing to exercise ordinary care under the circumstances.

59.   At all times relevant, Separate Defendant Valois was an employee and/or agent and/or carelessly selected independent contractor of Separate Defendant Lowry Farms and/or Separate Defendant Lowry and/or Separate John Defendants.

60.   By and through the theory of *Respondeat Superior*, joint enterprise, and the laws of agency in the State of Arkansas, the negligence of Separate Defendant Valois is imputed to Separate Defendant Lowry and/or Separate Defendant Lowry Farms and/or Separate John Doe Defendants.

61.   The Arkansas Supreme Court has recognized that an employer may be "held liable for the conduct of a careless, reckless, or incompetent independent contractor when the employer was negligent in hiring the contractor," and "where the employer has undertaken to perform certain duties or activities and negligently fail[ed] to perform them thereafter or perform[ed] them in a negligent manner." *Stoltze v. Arkansas Valley Elec. Co-op, Corp.*, 354 Ark. 601, 607, 127 S.W.2d 466, 470 (2003).

62.   Separate Lowry and/or Separate Defendant Lowry Farms and or Separate John Doe Defendants carelessly, recklessly, and incompetently chose

12

Defendant Valois to drive the Ford F-350 van with 7 passengers, when it knew or should have known that Separate Defendant Valois was illegally driving the van without a valid license and lacked the proper training and skill necessary.

63.     Separate Defendant Lowry and/or Separate Defendant Lowry Farms and/or Separate John Doe Defendants had a duty to reasonably investigate, monitor, retain, supervise, and train Separate Defendant Valois with respect to his driving safety skills.

64.     Separate Defendant Kenneth Lewis, was negligent in the following manners:

     a. Driving in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, in violation of Ark. Code Ann. § 27-51-104(a);

     b. Driving in such a careless manner as to evidence failure to maintain proper control, in violation of Ark. Code Ann. § 27-51-104(a), (b)(6), and (b)(8);

     c. Driving at a speed greater than was reasonable and prudent under the conditions and having regard to the actual potential hazards than existing, in violation of Ark. Code Ann. § 27-51-104(a);

     d. Operating a vehicle in such a manner which would cause a failure to maintain control, in violation of Ark. Code Ann. § 27-51-104(b)(6);

     e. Driving in a manner that was inattentive and such inattention was not reasonable and prudent in maintaining vehicular control, in violation of Ark. Code Ann. § 27-51-104(b)(8);

     f. Failing to keep a lookout for other vehicles, in violation of the common law of Arkansas;

     g. Failing to keep his vehicle under control, in violation of the common law of Arkansas;

     h. Failing to drive a speed no greater than was reasonable and prudent under the circumstances, having due regard for any actual or potential hazards, in violation of the common law of Arkansas;

     i. Failing to keep his vehicle under control, in violation of the common law of

13

Arkansas;

j. Failing to operate his vehicle in a safe and reasonable manner;

k. Failing to follow the industry standards or a profession driver with a commercial driver's license, such as being unprepared to take sufficient evasive actions at an observed hazard;

l. Operating a motor vehicle in a manner inconsistent with the laws of the State of Arkansas; and

m. Otherwise failing to exercise ordinary care under the circumstances.

65. By and through the theories of *Respondeat Superior*, joint enterprise, and the laws of agency in the State of Arkansas, the negligence of Separate Defendant Kenneth Lewis is imputed to Separate Defendant Lewis Farms and/or Separate John Doe Defendants.

66. Separate Defendant Lewis Farms and Separate John Doe Defendants had a duty to reasonably investigate, monitor, retain, supervise, and train Separate Defendant Kenneth Lewis with respect to driving safety skills including those industry standards for the taking the appropriate evasive actions when approaching an observed hazard.

67. Separate Defendant Lewis Farms and/or Separate John Doe Defendants have failed to adequately enact and enforce sufficient and proper policies and procedures for the safety of the commuting public.

68. Separate Defendant Lewis Farms and/or Separate John Doe Defendants have failed to adequately enact and enforce sufficient and proper policies and procedures to reasonably investigate, monitor, retain, supervise, and train Separate Defendant Kenneth Lewis with respect to driving safety skills including those

14

industry standards for the taking the appropriate evasive actions when approaching an observed hazard.

69. As the direct, foreseeable, legal, and proximate result of the negligence of Separate Defendants Valois, Lowry Farms, Kenneth Lewis, Lewis Farms, and/or Separate John Doe Defendants, Plaintiffs suffered serious damages.

70. This ordinary negligence was a proximate cause of the injuries and damages of the deceased and their estates.

### VI. COUNT NO. 2 – NEGLIGENT HIRING, POLICIES, PROCEDURES, TRAINING, and SUPERVISION
**Separate Defendants Lowry, Lowry Farms,
and John Doe Defendants**

71. All of the allegations previously plead herein are re-alleged as though stated word-for-word.

72. Separate Defendant Lowry and/or Separate Defendant Lowry Farms and/or Separate John Doe Defendants had a duty to have to enact and enforce adequate policies and procedures to ensure the employees and/or agents and/or carelessly chosen independent contractors driving the maroon Ford F-350 van carrying seven (7) passengers were competent, safe, adequately trained, monitored, and qualified.

73. Separate Defendant Lowry and Separate Defendant Lowry Farms and/or Separate John Doe Defendants have failed to adequately enact and enforce sufficient and proper policies and procedures to ensure the reasonable investigation, monitoring, retention, supervision, and training of Separate Defendant Valois with respect to his driving skills and safety skills.

74. Separate Defendant Lowry, Separate Defendant Lowry Farms, and/or yet Separate John Doe Defendants have failed to adequately enact and enforce sufficient and proper policies and procedures for the safety of the commuting public.

75. Separate Defendant Lowry and/or Separate Defendant Lowry Farms and/or Separate John Doe Defendants had a duty to have adequate policies and procedures in place to ensure the employees and/or agents and/or carelessly chosen independent contractors delegated to supervise the individual selected to drive the maroon Ford F-350 van was competent, safe, adequately trained, monitored, and qualified.

76. Separate Defendant Lowry and/or Separate Defendant Lowry Farms and/or Separate John Doe Defendants failed to have adequate policies and procedures in place to ensure the employees and/or agents and/or carelessly chosen independent contractors delegated to supervise the individual selected to drive the Ford F-350 van was competent, safe, adequately trained, monitored, and qualified.

77. Separate Defendant Lowry's and/or Separate Defendant Lowry Farms' and/or Separate John Doe Defendants' negligence in hiring an unqualified and incompetent driver and/or negligently hiring a yet to be identified individual to supervise and oversee the operations of the Ford F-350 van and the selection of the driver of the F-350 van were proximate causes of the deceased's loss of life and the damages set forth herein.

78. Separate Defendant Lowry and/or Separate Defendant Lowry Farms and/or Separate John Doe Defendants knew or should have known that Separate

16

Defendant Valois was incompetent, careless, and/or inexperienced in driving because he did not have a driver's license.

79. Separate Defendant Lowry, Separate Defendant Lowry Farms, and/or Separate John Doe Defendants chose to avoid the cost, expense, and/or inconvenience of selecting a qualified, experienced, and trained person to drive the maroon Ford F-350 passenger van.

80. The negligence of Separate Defendant Lowry, Separate Defendant Lowry Farms, and/or Separate John Doe Defendants in hiring an unqualified, untrained, and incompetent driver were proximate causes of the deceased's injuries, deaths, and damages and of those damages of their estates.

## VII. COUNT NO. 3 – NEGLIGENT HIRING, TRAINING, AND SUPERVISING
### Separate Defendants Lewis, Separate Lewis Farms, and/or Separate John Doe Defendants

81. All of the allegations previously plead herein are re-alleged as though stated word-for-word.

82. Separate Defendant Lewis Farms and Separate John Doe Defendants had a duty to reasonably investigate, monitor, retain, supervise, and train Separate Defendant Kenneth Lewis with respect to driving safety skills including those industry standards for the taking the appropriate evasive actions when approaching an observed hazard.

83. Separate Defendant Lewis Farms and/or Separate John Doe Defendants have failed to adequately enact and enforce sufficient and proper policies and procedures for the safety of the commuting public.

17

84.    Separate Defendant Lewis Farms and/or Separate John Doe Defendants have failed to adequately enact and enforce sufficient and proper policies and procedures to reasonably investigate, monitor, retain, supervise, and train Separate Defendant Kenneth Lewis with respect to driving safety skills including those industry standards for the taking the appropriate evasive actions when approaching an observed hazard.

85.    Separate Defendant Lewis Farms and/or Separate John Doe Defendants chose to avoid the cost, expense, and/or inconvenience of hiring, training, supervising, and monitoring a professional driver to operate a vehicle of approximately 80,000 pounds on the public roadways in compliance with industry standards followed to protect the safety of the commuting public.

86.    The negligence of Separate Lewis Farms and/or Separate John Doe Defendants in hiring an untrained and incompetent driver were proximate causes of the deceased's injuries, deaths, and damages and of those damages of their estates.

## IX. PROXIMATE CAUSATION

87.    All of the allegations previously pled herein are re-alleged as though stated word-for-word.

88.    The acts of Defendants' negligence were actual and proximate causes of the collision described herein and of the personal injuries, death, and damages suffered by the deceased and their estates.

## X. INJURIES & COMPENSATORY DAMAGES

89.    All of the allegations previously pled herein are re-alleged as though

18

stated word-for-word.

90.     Cesar Figueroa-Gutierrez and Juan Manuel-Medina sustained severe personal injuries and died, and Plaintiffs sustained damages, as a result of the collision.

91.     Cesar Figueroa-Gutierrez and Juan Manuel-Medina experienced extreme terror immediately before and after the collision.

92.     Cesar Figueroa-Gutierrez and Juan Manuel-Medina incurred medical expenses as a result of the incident.

93.     The Estate of Cesar Figueroa-Gutierrez, who is represented in this litigation by Plaintiff Justin Zachary, Special Administrator, have incurred funeral expenses and medical expenses.

94.     The Estate of Juan Manuel-Medina, who is represented in this litigation by Plaintiff Justin Zachary, Special Administrator, have incurred funeral expenses and medical expenses.

95.     Plaintiffs are entitled to recover under Arkansas law for Cesar Figueroa-Gutierrez's and Juan Manuel-Medina's wrongful death and survival damages for their heirs at law under A.C.A. §16-62-102 and A.C.A. §16-62-101, which includes, but are not limited to, the following measure of damages:

   a.   pecuniary injuries sustained, including benefits, goods, and services that the decedents would have contributed, including the instruction, moral training, and supervision of education that might have reasonably been given;

   b.   mental anguish suffered in the past and reasonably certain to be suffered in the future;

19

    c.     reasonable value of funeral expenses;

    d.     conscious pain and suffering of the decedents prior to their death;

    f.     value of any earnings, profits or salary lost by the decedents' and their heirs;

    h.     any scars, disfigurement and visible results of the injuries sustained by the decedents;

    i.     the decedents' loss of life.

96.    Plaintiffs hereby demand loss of life damages to the full extent allowed under Arkansas law for the death of Cesar Figueroa-Gutierrez and Juan Manuel-Medina.

97.    Plaintiffs claim all damages allowed by Arkansas law for the wrongful death of Cesar Figueroa-Gutierrez and Juan Manuel-Medina.

98.    The heirs at law of Cesar Figueroa-Gutierrez and Juan Manuel-Medina are entitled to recover damages for the wrongful death of Cesar Figueroa-Gutierrez and Juan Manuel-Medina.

99.    The injuries and damages described herein have been suffered in the past and will be continuing in the future.

## XI. DEMAND FOR JURY TRIAL

100.    Plaintiff Justin Zachary demand a trial by jury wherein the jury shall assess the percentages of fault of all persons or entities who contributed to the injuries, deaths, and damages of Plaintiffs as required by Arkansas Code Annotated §16-55-201, *et seq.*

## XII. DEMAND & PRAYER

WHEREFORE, Plaintiff Justin Zachary respectfully prays for judgment against the Defendants for a sum in excess of that required for federal court jurisdiction in diversity of citizenship cases and which is sufficient to fully compensate Plaintiff for any and all damages Plaintiff is entitled to recover under Arkansas law, including pre-judgment interest and post judgment interest at the maximum rate allowed by law; for reasonable expenses; costs; and for all other proper relief to which he may be entitled.

Respectfully submitted,

*Attorney for Plaintiffs*

By:   /s/ Rob Beard
      Robert L. Beard (ABN 2002109)
      Denise Hoggard (ABN 84072)
      RAINWATER, HOLT & SEXTON, P.A.
      P.O. Box 17250
      Little Rock, AR  72222
      Telephone:  (501) 868-2906
      Telefax:      (501) 868-2505
      Email: beard@rainfirm.com
             hoggard@rainfirm.com

21

## CERTIFICATE OF SERVICE

I, Rob Beard, hereby certify that a true and correct copy of the foregoing pleading has been electronically forwarded through the Court's electronic filing notice to the following this 14th day of April, 2023:

J. Barrett Deacon
MAYER LLP
2434 E. Joyce Blvd., Suite 6
Fayetteville, Arkansas 72703
bdeacon@mayerllp.com
*Attorneys for Clay Lowry and Lowry Farms, Inc.*

Mel Sayes
Matthews, Sanders & Sayes, P.A.
825 West Third Street
Little Rock, Arkansas 72201
msayes@msslawfirm.com
*Attorneys for Kenneth Lewis and Lewis Farms, LLC*

/s/ Rob Beard
Rob Beard

22

ELECTRONICALLY FILED
Bradley County Circuit Court - Probate Division
Karen Belin, Bradley County Clerk
2021-Jul-06 14:19:41
06PR-21-49
C10D02 : 1 Page

### IN THE CIRCUIT COURT OF BRADLEY COUNTY, ARKANSAS
### PROBATE DIVISION

**IN THE MATTER OF THE ESTATE OF**
**CESAR FIGUEROA-GUTIERREZ, DECEASED**　　　　　**NO. 06PR-21- 49**

### ACCEPTANCE OF APPOINTMENT OF SPECIAL ADMINISTRATOR

The undersigned, Justin Zachary, having been appointed Special Administrator of

the Estate of Cesar Figueroa-Gutierrez, Deceased, hereby accepts the appointment.

DATED this _10th_ day of _June_ 2021.

_____
Justin Zachary

# EXHIBIT 1

ELECTRONICALLY FILED
Bradley County Circuit Court - Probate Division
Karen Belin, Bradley County Clerk
2021-Jul-01 18:19:09
06PR-21-49
C10D02 : 3 Pages

## IN THE CIRCUIT COURT OF BRADLEY COUNTY, ARKANSAS
## PROBATE DIVISION

IN THE MATTER OF THE ESTATE OF
CESAR FIGUEROA-GUTIERREZ, DECEASED          CASE NO. 6PR-21-49

### ORDER APPOINTING SPECIAL ADMINISTRATOR FOR AUTHORITY TO CONTRACT WITH COUNSEL, FILE SUIT OR PURSUE SETTLEMENT ON BEHALF OF THE ESTATE

On this date, there is presented to the Court the petition of Justin Zachary for appointment as Special Administrator of the Estate of Cesar Figueroa-Gutierrez, Deceased. Upon consideration of such petition, and the facts and evidence in support thereof, the Court finds:

1. The decedent, Cesar Figueroa-Gutierrez, age 35, who resided in Bradley County, Arkansas, died in Bradley County, Arkansas, on or about April 17, 2020.

2. This Court has jurisdiction and venue because the property of the decedent lies in this county.

3. That Justin Zachary is duly qualified to act as Administrator of the Estate.

4. That Justin Zachary as Special Administrator of the Estate shall have the authority to authorize settlement or file a claim for personal injuries or wrongful death on behalf of the estate in a Court of competent jurisdiction and shall have the authority to contract with the law firm of Rainwater, Holt & Sexton, P.A., for the purpose of pursuing said settlement or litigation.

5. No bond shall be required of the petitioner.

IT IS THEREFORE ORDERED that administration of the Estate of Cesar Figueroa-Gutierrez be and hereby is opened for the purpose of pursuing a legal claim for personal injuries

EXHIBIT 2

or wrongful death; that Justin Zachary is duly qualified to act as Special Administrator of the Estate, that Justin Zachary is named Special Administrator of the Estate of the decedent to serve without bond; that Special Letters of Administration shall be issued to such person upon filing of their Acceptance of Appointment; Justin Zachary as Special Administrator shall have the authority to contract with the law firm of Rainwater, Holt & Sexton, P.A. for the purpose of negotiating settlement or pursuing a legal action on behalf of the estate, and after completion of the claim, shall be discharged as Special Administrator of the estate without further proceedings.

_____
JUDGE

_____
DATE

Prepared by:

Robert L. Beard, AR Bar #2002109
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
Little Rock, Arkansas 72222
(501) 868-2500
(501) 868-2508 - facsimile
beard@rainfirm.com
Attorney for Petitioner



Arkansas Judiciary

**Case Title:**     CESAR FIGUEROA-GUTIERREZ

**Case Number:**    06PR-21-49

**Type:**           ORDER OTHER

So Ordered

*Laurie A. Bridewell*

Honorable Laurie A. Bridewell, 10th
District Circuit Judge Div 2

Electronically signed by LABRIDEWELL on 2021-07-01 18:18:48     page 3 of 3

IN THE CIRCUIT COURT OF BRADLEY COUNTY, ARKANSAS
CIVIL DIVISION

JUSTIN ZACHARY as SPECIAL
ADMINISTRATOR of the ESTATE OF
CESAR FIGUEROA-GUTIERREZ, Deceased; and
JUSTIN ZACHARY as SPECIAL
ADMINISTRATOR of the ESTATE of
JUAN MANUEL-MEDIINA, Deceased                    PLAINTIFF(S)


vs.                          Case No.: 06CV-22-61-2

LOWRY FARMS INC.;
FIDEL MARTINEZ-VALOIS;
LEWIS FARMS LLC;
KENNETH LEWISE, Individually;
JOHN DOE DEFENDANTS 1,
2, 3, 4, 5, 6, 7, 8, 9 and 10                    DEFENDANT(S)

---

## AFFIDAVIT

---

Comes now Robert Beard, and states, upon oath the following:

1. I am an attorney licensed in the State of Arkansas.

2. I represent Plaintiff, Justin Zachary, as Special Administrator of the Estate of Cesar Figuaroa-Gutierrez, deceased, and as Special Administrator of the Estate of Juan Manuel-Medina, deceased, in the above matter.

3. Plaintiff Zachary is seeking a judgment against unknown tortfeasors.

EXHIBIT 3

4. The names of the unknown tortfeasors in this action will be designated by the pseudo names John Does 1-10 and will be named as such in the Plaintiff's Complaint.

5. John Does 1-10 will be identified upon the taking of discovery by Plaintiff Zachary. They are sued individually and in their official capacity.

6. Upon determining the identities of John Does 1-10, the Complaint will be amended by substituting the real names for the pseudo-name.

7. This affidavit is made pursuant to Ark. Code Ann. § 16-56-125.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Robert Beard

_April 14, 2023_____
Date

STATE OF ARKANSAS )
                  )
COUNTY OF PULASKI )

SWORN AND SUBSCRIBED before me on the 14th day of April, 2023.

_Leslie Thompson_____
Notary Public

_July 29, 2024_____
My Commission Expires

LESLIE THOMPSON
FAULKNER COUNTY
NOTARY PUBLIC - ARKANSAS
My Commission Expires July 29, 2024
Commission No. 12400265